Norbert A. J. CONWAY, as Trustee of Joseph Henry Pickard d/b/a Pioneer Construction Co., and Pioneer Electric Company

v.

Edward NEFF.

Civ. A. No. 43616.

United States District Court,
E. D. Pennsylvania.

Aug. 19, 1971.

Melvin Lashner, Adelman & Lavine, Philadelphia, Pa., for Trustee.

Samuel Diamond, Diamond, Polsky & Bauer, Philadelphia, Pa., for defendant.

OPINION AND ORDER

HANNUM, District Judge.

This is an action pursuant to Section 60, sub. b of the Bankruptcy Act brought

by Norbert A. J. Conway, Trustee in Bankruptcy, again Edward Neff to recover an alleged preferential payment made by the bankrupt two weeks before the filing of the petition in bankruptcy. During the course of pretrial discussions, counsel agreed to submit the matter to the court for its decision on the pleadings, the oral deposition of Edward Neff, taken on December 23, 1969, and all exhibits attached thereto. Counsel have also stipulated that the above-captioned bankrupt (hereinafter "Pickard") was in fact insolvent at the time of the transfer. Therefore the only issue before the court is whether the defendant, Edward Neff, had reasonable cause to believe that the debtor was insolvent at the time that the transfer was made.

The burden of proving that the defendant had reasonable cause to believe that the bankrupt was insolvent is on the Trustee. The only evidence that the Trustee has been able to develop on this issue is the oral deposition of the defendant, Edward Neff. The Trustee contends that Mr. Neff as a reasonably prudent man should have known that the transaction described in his deposition was unusual in nature and as such, should have put him on notice to inquire as to the financial condition of the bankrupt. The Trustee further contends that had the defendant investigated the financial condition of Pickard, he would have discovered that Pickard was insolvent, and therefore, the payment in question is recoverable by the Trustee.

After carefully reviewing the defendant's deposition the court disagrees. The deposition reveals that Neff and Pickard were next door neighbors since 1958 and were close social friends. They had no business arrangements or relations with each other, other than the loan Neff made to Pickard. Neff did not know nor did he ever discuss with Pickard his financial condition. The loan in question was made purely on the basis of their social relationship as good friends and next door neighbors. This is evi-

dent from the fact that Neff was employed as an engineer and was not a businessman familiar with the extension of credit. He did none of the things a businessman would do to protect and secure his interests. He made the loan from his local bank and paid the interest on the loan *himself* until such time as Pickard indicated that he was able to repay both the principal and interest. And finally, Neff did not receive from Pickard any financial benefit from this loan transaction above and beyond the repayment to the bank of the principal and interest.

Accordingly, the court concludes that the Trustee has not established by a preponderance of the evidence that Neff had reasonable cause to believe that Pickard was insolvent or that he had knowledge of such facts as would induce a person of reasonable prudence to make inquiry as to Pickard's financial situation.